NOT DESIGNATED FOR PUBLICATION

No. 118,028

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAKOTA F. THUNDER,
A/K/A URSALA HAIRYSHIRT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGAÑA, judge. Opinion filed January 5, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Lakota Thunder appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. Thunder contends the district court should have given her another chance at probation instead of ordering her to serve her 40-month underlying sentence. But Thunder committed additional crimes while she was on probation, thus giving the district court the discretion to send her to prison. We find no abuse of discretion in the district court's decision to do so.

In May 2016 Thunder pleaded guilty to one count of possession of methamphetamine and two counts of identity theft. Two months later, in July, she was

sentenced to an 18-month term of probation, with an underlying sentence of 40 months that she would have to serve if she didn't successfully complete her probation.

Between July 2016 and July 2017 Thunder violated the terms of her probation at least four times. She also committed several other criminal offenses, including identity theft, forgery, theft, possession of stolen property, driving while suspended, and possession of drug paraphernalia. She admitted to all of the State's allegations.

The court proceeded to revoke Thunder's probation, ordering her to serve her original 40-month prison sentence. Now she argues that the court should not have done so, presumably suggesting that the court instead should have given her another chance at probation.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, which generally requires the court to use intermediate sanctions before sending a defendant to prison for violating his or her probation. In most cases, for example, on the offender's first probation violation, the court must order him or her to serve two or three days in the county jail—one type of intermediate sanction, also known as a "quick dip"—instead of revoking the defendant's probation and imposing the prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(B).

Thunder presumably suggests that this is what the court should have done instead of revoking her probation. At her hearing, Thunder asked for a three-day "quick dip." But Thunder committed multiple crimes while she was on probation, and the statute's intermediate-sanctions requirement doesn't apply if the court finds that the defendant has committed a new offense while on probation. See K.S.A. 2016 Supp. 22-3716(c)(8).

2

Since Thunder committed new offenses—thus meeting an exception to the requirement to use an intermediate sanction—we review the district court's decision in this case only for abuse of discretion. Unless the court revoked Thunder's probation based on a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Thunder failed to comply with the terms of her probation and committed even more crimes while on probation. Indeed, a reasonable person could agree with the district court's decision to impose the prison sentence.

On Thunder's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Thunder's probation.

We therefore affirm the district court's judgment.